UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TRACY FRANKLIN, | No. ED CV 09-01117-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

|   |   |   |
|---|---|---|
| | | considered the mental residual functioning capacity completed by the treating psychiatrist; |
| | 2. | Whether the ALJ properly considered the lay witness' statements; and |
| | 3. | Whether the ALJ posed a complete hypothetical question to the vocational expert. |

(JS at 2.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ'S FAILURE TO DISCUSS A WORK CAPACITY EVALUATION (MENTAL) FORM OF DR. KUNAMAN IS NOT REVERSIBLE ERROR**

In her first issue, Plaintiff asserts that Syan Kunam, M.D. completed a Work Capacity Evaluation (Mental) form on December 6, 2008 (AR 338-339);[1] however, this evaluation was not mentioned by the ALJ in his decision. (JS at 3, <u>et</u> <u>seq</u>.)

The check-off form identifies moderate limitations in three areas of mental functioning; marked limitations in nine areas; and extreme limitations in five areas. There is no indication of any foundational clinical or objective testing, or any other basis for the opinion. Nevertheless, it was relevant evidence, and the issue for the Court is

---

[1] It appears to be signed by "Syan Kunaman." It is not clear whether this is the same person as the "Dr. Kuhn" identified by Plaintiff at the administrative hearing as her current treating psychiatrist at the Inland Psychiatric Treatment Center. (<u>See</u> AR at 15.)

2

whether or not it is subject to harmless error analysis pursuant to Stout v. Commissioner, 454 F.3d 1050 (9th Cir. 2006)("... a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." (454 F.3d at 1056).)

The ALJ determined that Plaintiff has severe impairments of major depressive disorder, anxiety disorder, and a history of methamphetamine abuse in remission. (AR 55.) In making his determination, the ALJ relied upon the assessment of the medical examiner ("ME"), Dr. Glassmire, who testified telephonically at the hearing. (AR 13-19.) Dr. Glassmire indicated that he based his assessment upon review of various psychiatric treatment records. Thus, he reviewed the records from Dr. Wells of Inland Psychiatric Treatment Center (see AR 17, 245-256); Gary Bell, a marriage and family therapist (AR 17, 270-274); and, finally, treatment records from Inland Psychiatric Group, Plaintiff's current treatment facility (AR 18, 275-278). Significantly, as the ALJ extensively discussed in his decision, these records support Dr. Glassmire's opinion. The ALJ assessed that Plaintiff's non-exertional limitations restrict her to simple, repetitive tasks; a preclusion from working with the public; occasional, non-intense contact with co-workers and supervisors; a preclusion from tasks that require hyper-vigilance or fast-paced work. (AR 56.)

Significantly, none of the psychiatric assessments of the Plaintiff, including those of Dr. Wells, her treating psychiatrist at Inland Psychiatric Group after Dr. Kunaman, made assessments of Plaintiff's functional mental restrictions which were anywhere near as

3

severe as those of Dr. Kunaman. None of the psychiatric assessments except that of Dr. Kunaman reflect marked or extreme limitations in any areas. Indeed, Dr. Kunaman's evaluation is nothing more than a "check-the-box" form, without any indication of an objective or clinical basis, something which is highly disfavored in Social Security litigation. See Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004). Further, since it is contradicted by all of the other evidence of treating psychiatrists,[2] it is more than apparent that the ALJ's omission of any discussion of Dr. Kunaman's form was harmless error, since it clearly is inconsistent in the extreme with the other psychiatric opinions, and therefore, would likely have had no effect on the ALJ's determination. The ALJ was entitled to rely upon the opinion of Dr. Glassmire, who had considered all of the relevant psychiatric records. Dr. Glassmire's opinion was consistent with the weight of the objective evidence. Dr. Kunaman's was not.

For the foregoing reasons, the Court finds no error in the ALJ's failure to discuss Dr. Kunaman's check-list form.

**II**

**THE ALJ PROVIDED SPECIFIC AND LEGITIMATE REASONS TO REJECT THE LAY WITNESS TESTIMONY OF PLAINTIFF'S HUSBAND**

In Plaintiff's second issue, she asserts that the ALJ improperly depreciated the testimony and statements of her husband regarding Plaintiff's subjective symptoms.

In fact, the ALJ did consider the testimony of Plaintiff's husband. He depreciated them because they were inconsistent with the

---

[2] Plaintiff in this litigation does not challenge the ALJ's depreciation of the opinion of therapist Bell.

4

medical treatment records, which indicate that Plaintiff's treatment has overall been minimal to conservative; that the lay statements were a mere repetition of subjective complaints already testified to by Plaintiff, whose own credibility had been depreciated by the ALJ; and that as a lay witness, Plaintiff's husband is not competent to make a diagnosis as to Plaintiff's ability to work. (AR 58.)[3]

While Plaintiff argues that the statements of her husband are consistent with the evaluation in Dr. Kunaman's check-off form, since Dr. Kunaman's evaluation has been found to be inconsistent with the medical evidence, and not worthy of consideration for the reasons previously discussed, Plaintiff's argument in this particular in rejected.

The Court thus finds that the ALJ did in fact provide specific and legitimate reasons for rejecting the lay witness statements of Plaintiff's husband. For the foregoing reasons, no error is found with regard to the second issue.

The Court can also address here Plaintiff's third issue, which is that the ALJ posed an incomplete hypothetical question to the vocational expert. The basis for this issue is the omission of Dr. Kunaman's evaluation set out in his check-off form. There was no necessity to include these limitations, as they are not part of the non-exertional limitations which the ALJ determined to exist. See Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988). The hypothetical question was therefore not incomplete, and Plaintiff's third issue is

---

[3] The ALJ's additionally noted reason, that Plaintiff's husband is biased because he has a financial interest in seeing Plaintiff receive Social Security benefits, is not an appropriate reason to depreciate lay witness credibility. The Court will examine only the remaining reasons to determine their sufficiency.

found to be not meritorious.

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED**.


DATED: January 21, 2010                    /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE